UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID L. GOODEN and DIANE
GOODEN,                                              Case No. 15-13235

        Plaintiffs,                          Honorable Nancy G. Edmunds

v.

M&T BANK,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [3]**

    This matter comes before the Court on Defendant's motion to dismiss Plaintiffs'

complaint. Plaintiffs David L. Gooden and Diane Gooden allege Defendant M&T Bank

violated 12 C.F.R. § 1024.41(g), a Consumer Financial Protection Bureau regulation

enforced under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605(f),

by failing to respond to Plaintiffs' mortgage loan modification application prior to selling

Plaintiffs' property at sheriff's sale. Plaintiffs seek relief in the form of a temporary

restraining order and preliminary injunction enjoining the eviction of Plaintiffs and/or

conveyance of the property, a judgment setting aside the sheriff's sale and voiding the

sheriff's deed, any and all damages incurred as a proximate result of the alleged conduct,

as well as costs and attorney fees.  For the reasons stated below, Defendant's motion to

dismiss is GRANTED.

**I.    FACTS**

    On June 24, 2008, Plaintiffs executed a mortgage and related note with Mortgage

Electronic Registration Systems, Inc. (Dkt. 7, at 2.) The mortgage was recorded in Wayne

County Records on July 2, 2008. (*Id.*) The loan was first serviced by Countrywide Home Loans, and then assigned to Bank of America, N.A. (*Id.*) The loan was later assigned to Defendant—the current assignee of the loan.[1] (*Id.*)

Plaintiffs allege they attempted to apply for loan modifications with the prior assignees of the loan, but each time the loan was assigned, they were instructed to submit a new application. (Dkt. 7, at 2.) Plaintiffs claim they "submitted a completed loan modification to Defendant" in 2014. (*Id.*) Plaintiffs state they "heard nothing" from Defendant "for months." (*Id.*) In or around December 2014, they "received notification that their property was scheduled to be sold at Sheriff's sale." (*Id.*) According to Plaintiffs, they immediately contacted Defendant and "advised that they were still working toward a loan modification." (*Id.* at 3.) Plaintiffs allege they submitted another completed loan modification application in January 2015. (*Id.*) Plaintiffs claim they never received a formal decision with respect to any of their applications. (*Id.*) On or around January 15, 2015, Plaintiffs' property was sold at sheriff's sale. (*Id.*) Plaintiffs argue, "[h]ad Defendant taken the time to review Plaintiffs' loan modification, Plaintiffs would have been qualified for a loan modification and would not be in the position they are in today." (*Id.*)

Plaintiffs filed their complaint on August 4, 2015, alleging Defendant's conduct constitutes a violation of 12 C.F.R. § 1024.41, enforced under RESPA. Plaintiffs claim they submitted a complete loss mitigation application more than 37 days before the foreclosure sale and Defendant violated § 1024.41 by conducting the sale without sending Plaintiffs a

---

[1] The Court may consider documents attached to the pleadings and matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment. *See Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)).

decision in response to their loss mitigation application. Defendant subsequently removed the case to this Court and now moves to dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

## II.   STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must, in a light most favorable to the plaintiff, assume the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, more is required than "a sheer possibility that a defendant has acted unlawfully." *Id.* The complaint must contain sufficient factual matter, taken as true, to state a claim for relief that is plausible on its face. *Id.*

## III.   ANALYSIS

Pursuant to subsection (g) of 12 C.F.R. § 1024.41, "[i]f a borrower submits a complete loss mitigation application ... more than 37 days before a foreclosure sale, a servicer shall not ... conduct a foreclosure sale" unless the servicer sends the borrower notice in response, or the borrower rejects the options offered or fails to perform. 12 C.F.R. § 1024.41(g). To support its claim, Plaintiffs allege they "submitted a completed loan modification application" in 2014, which was "over 37 days prior to the Sheriff's sale." (Dkt.

7, at 2-4.) Plaintiffs contend they never received a decision on the application and thus the sheriff's sale on January 15, 2015 was in violation of the statute. (*Id.*)

Plaintiffs' complaint must be dismissed for two reasons. First, the allegations in the complaint are not sufficient under the *Twombly* standard. As alleged, the facts do not contain more than a sheer possibility that defendant has acted unlawfully. To find a violation under § 1024.41, Plaintiffs must have submitted a completed loss mitigation application more than 37 days before a foreclosure sale. The only statements in the complaint relating to this requirement are: (1) "Plaintiffs submitted a completed loan modification application over 37 days prior to the Sheriff's sale" and (2) "[i]n 2014, Plaintiffs submitted a completed loan modification to [D]efendant." (Dkt. 7, at ¶¶ 21, 9.) The first statement is simply a recitation of the legal standard and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The second statement fails to provide any detail regarding *when* in 2014 the alleged "completed loan modification" was submitted, nor any details about the content of the submission.

Plaintiffs' threadbare statements fall short of stating a claim under the statute. Plaintiffs fail to include any specificity as to dates or contents of the alleged loan modification applications and attach no exhibits. Moreover, Plaintiffs fail to respond in any way to Defendant's argument that the complaint lacks sufficient factual allegations to state a claim.[2] Where, as here, Plaintiffs fail to allege basic facts that would plausibly

---

[2] Rather, Plaintiffs spend most of their response brief discussing state law requirements for setting aside a foreclosure proceeding upon the showing of fraud or irregularity. (*See* Dkt. 5, at 4-7.) But Plaintiffs have made no claim of fraud or irregularity in their complaint and a party may not amend its complaint through its response brief. *See, e.g., Jocham v.*

demonstrate that they submitted a complete loan modification application more than 37 days before their property was sold, the complaint must be dismissed for failure to state a claim upon which relief may be granted. *See, e.g.*, *Dunn-Mason v. JP Morgan Chase Bank, N.A.*, No. 11-CV-13419, 2013 WL 5913684, at *9 (E.D. Mich. Nov. 1, 2013), *aff'd* (Mar. 16, 2015) (dismissing RESPA claim because conclusory allegation that plaintiff sent proper written request and defendant failed to timely respond was too threadbare and failed to state a claim); *Brown v. Fed. Nat'l Mortg. Ass'n*, No. 2:13-cv-02107, 2013 WL 4500569, at *4-5 (W.D. Tenn. Aug.19, 2013) (same); *Boston v. Ocwen Loan Servicing, LLC*, No. 3:12CV451, 2013 WL 122151, at *2-3 (W.D.N.C. Jan. 9, 2013) (same).

Even if Plaintiffs had properly alleged a violation, the complaint must be dismissed for the additional reason that the relief sought by Plaintiffs is unavailable to them. Violations of § 1024.41 are enforced under RESPA, 12 U.S.C. § 2605(f), which authorizes monetary damages only. *See Fredericks v. Allquest Home Mortg. Corp.*, No. 15-10429, 2015 WL 1966856, at *3 (E.D. Mich. Apr. 30, 2015) (dismissing RESPA claim because the statute does not provide the equitable relief requested); *Hogan v. Visio Fin. Servs., Inc.*, No. 15-10923, 2015 WL 3916084, at *3 (E.D. Mich. June 25, 2015) (same); *Servantes v. Caliber Home Loans, Inc.*, No. 14-13324, 2014 WL 6986414, at *1 (E.D. Mich. Dec. 10, 2014) (same). Specifically, the only remedies permitted under the statute are actual damages resulting from the violation and the borrower's costs and attorney fees. *Hogan*, 2015 WL 3916084, at *3. Here, Plaintiffs seek primarily equitable remedies: a temporary restraining

---

*Tuscola Cty.*, 239 F.Supp.2d 714, 732 (E.D. Mich. 2003).

order, a preliminary injunction, and a judgment setting aside the sheriff's sale. These remedies are unavailable to Plaintiffs under RESPA.

To the extent Plaintiffs are seeking monetary damages, the claim also fails because Plaintiffs do not make the necessary allegations in their complaint. *See Fredericks*, 2015 WL 1966856, at *3 (noting any claim under RESPA for damages must be dismissed because plaintiff failed to allege how a purported violation resulted in actual damages); *Hogan*, 2015 WL 3916084, at *4 (dismissing RESPA claim for damages because plaintiff "fail[ed] to allege what his damages are, and to the extent there are any, how they might be traceable to [the defendant's] conduct."). Here Plaintiffs summarily request that Defendant "pay any and all damages incurred by Plaintiffs, as a proximate result of its above-referenced actions." (Dkt. 7, at 5.) The complaint fails, however, to allege any facts regarding what Plaintiffs' purported damages are and how they might be traceable to Defendant's conduct. Thus, the complaint must be dismissed for this additional reason.

## IV.   Conclusion

Being fully advised in the premises and having read the pleadings, the Court hereby GRANTS Defendant's motion to dismiss Plaintiffs' complaint.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  December 11, 2015
I hereby certify that a copy of the foregoing document was served upon counsel of record on December 11, 2015, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager